UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DEMOND TRAVELLE BOONE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 25-CV-0543-CVE-MTS |
| | ) | |
| **REAL ESTATE MAXIMUS (RE-MAX)** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Now before the court are plaintiff's complaint (Dkt. # 1) and motion to proceed in forma pauperis (Dkt. # 2). Plaintiff Demond Travelle Boone, proceeding pro se, has filed an action against Real Estate Maximus (Re-Max). Dkt. # 1, at 1. Plaintiff generally alleges that defendant committed "grand larceny," "money laundering," and "racketeering," but he alleges no facts in support of these allegations. Id. The Court notes that, the day after this case was filed, filing restrictions were entered prohibiting plaintiff from filing additional lawsuits. In Re Demond Travelle Boone, 25-mc-023-JFH, Dkt. # 1 (N.D. Okla. Oct. 8, 2025). In this case, the Court will not enforce the filing restrictions for a matter that was filed before the filing restrictions were effective, but the Court will consider whether it has subject-matter jurisdiction over this case. The Court dismisses plaintiff's claim for lack of subject-matter jurisdiction, and finds that plaintiff's motion to proceed in forma pauperis is moot.

Federal courts are courts of limited jurisdiction and lack the power to hear any case that is beyond their subject-matter jurisdiction. Merida Delgado v. Gonzalez, 428 F.3d 916, 919 (10th Cir. 2005); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (defining federal subject-matter jurisdiction as "the courts' statutory or constitutional power to adjudicate the case"). The

party invoking federal jurisdiction bears the burden of "alleg[ing] facts demonstrating the appropriateness of invoking judicial resolution of the dispute." New Mexicans for Bill Richardson v. Gonzalez, 64 F.3d 1495, 1499 (10th Cir. 1995) (citing Renne v. Geary, 501 U.S. 312, 317 (1991)); McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 182 (1936). Even if a party has not raised the issue of jurisdiction, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). A court may raise the issue of subject-matter jurisdiction sua sponte and at any stage of litigation. 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006); Tafoya v. U.S. Dep't of Just., 748 F.2d 1389, 1390 (10th Cir. 1984) ("Insofar as subject matter jurisdiction is concerned, it has long been recognized that a federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings and the court is not bound by the acts or pleadings of the parties."). Under Federal Rule of Civil Procedure 12(h)(3), if a court raises the issue of subject-matter jurisdiction and finds that it lacks jurisdiction, it must dismiss the case.

In cases where the proponent of federal subject-matter jurisdiction is proceeding pro se, as plaintiff is here, a court must hold that litigant's pleadings to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a court is in no position to " supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Put differently, this liberal standard "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Here, plaintiff offers no factual allegations, no theory of liability, and no statement of the Court's jurisdiction. Plaintiff's complaint consists of two sentences, one that states he is a citizen of California and one that describes vague allegations of "grand larceny" as well as "money laundering" and "false pretense" Dkt. # 1, at 1. Although the Court must excuse a pro se litigant's failure to "cite proper legal authority, . . . confusion of various legal theories, [and] . . . poor syntax and sentence structure," here plaintiff offers no legal authority, no legal theory, and only two sentences from which the Court is left to discern whether it has the power to hear plaintiff's claim. Hall, 935 F.2d at 1110. In his brief complaint, plaintiff does not invoke any federal statute under which a federal question arises. See 28 U.S.C. § 1331. Likewise, plaintiff fails to allege that complete diversity exists among the parties and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). Plaintiff does state that he is a citizen of California. Dkt. # 1, at 1. However, he makes no mention of defendant's citizenship, nor does he state what relief he seeks, or that it meets the minimum required amount in controversy. Plaintiff has not alleged any basis for the Court to exercise subject-matter jurisdiction over this case, and this case is dismissed for lack of subject-matter jurisdiction. Plaintiff is reminded that he must comply with the filing restrictions imposed against him should he seek to file any future lawsuits.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed without prejudice** for lack of subject-matter jurisdiction. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **moot**.

**DATED** this 5th day of December, 2025.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE